# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4256 | **DATE** | August 9, 2012 |
| **CASE TITLE** | Joshua Hoskins (R54570) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

This case is dismissed with prejudice for attempting to commit a fraud on the court. The dismissal does not count as a strike under 28 U.S.C. § 1915(g); *Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010). This matter is referred to the Executive Committee for the United States District Court for the Northern District of Illinois for consideration of a barring order.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Pro se plaintiff Joshua Hoskins, an Illinois Department of Corrections inmate, previously brought seven suits in this Court pursuant to 42 U.S.C. § 1983. *Hoskins v. Dart*, No. 10 C 676 (N.D. Ill.) (Manning, J.); *Hoskins v. Dart*, No. 10 C 677 (N.D. Ill.) (Manning, J.); *Hoskins v. Dart*, No. 10 C 702 (N.D. Ill.) (Manning, J.); *Hoskins v. Dart*, No. 10 C 703 (N.D. Ill.) (Manning, J.); *Hoskins v. Dart*, No. 10 C 0704 (N.D. Ill.) (Manning, J.); *Hoskins v. Dart*, No. 10 C 0705 (N.D. Ill.) (Manning, J.); *Hoskins v. Dart*, No. 10 C 0706 (N.D. Ill.) (Manning, J.). All seven cases were dismissed after the court found that plaintiff had attempted to commit a fraud upon the court by failing to make required disclosures about his prior litigation history in his complaints. The Seventh Circuit affirmed. *Hoskins v. Dart*, 633 F.3d 541, 542-43 (7th Cir. 2011) (per curiam). The Seventh Circuit also found that plaintiff remained liable for all of the filing fees for his cases. *Id*. at 543.

     In the new case presently before the court, plaintiff challenges his treatment at the Cook County Jail. The suit covers a short period in April 2012 when plaintiff was sent to the jail on a temporary court writ, as plaintiff is primarily in the custody of the Illinois Department of Corrections.

     Plaintiff initially sought leave to proceed in forma pauperis in this case. His request was denied based on the court's finding that he had sufficient resources to pay the filing fee. Dkt. No. 8. Plaintiff subsequently paid the $350 filing fee for this case, Dkt. No. 10, but has failed to pay the full filing fees for the prior seven cases that were dismissed as a fraud on the court.

| STATEMENT |
|---|

Specifically, plaintiff's present outstanding balances for the $350 filing fee for each district court case are:

| District Court Case Number | Amount Currently Owed |
|---|---|
| 10 C 676 | $341.01 |
| 10 C 677 | $349.99 |
| 10 C 702 | $350.00 |
| 10 C 703 | $341.04 |
| 10 C 704 | $338.15 |
| 10 C 705 | $341.01 |
| 10 C 706 | $338.15 |

Plaintiff has also not paid the full $455 appellate fees for Seventh Circuit Case Nos. 10-1619, 10-1627, 10-1640, and 10-1643. These are the appeals that were rejected by the Seventh Circuit in the aforementioned opinion affirming this court's dismissal of plaintiff's cases based on fraud on the court. In sum, plaintiff owes in excess of four thousand dollars in filing fees.

Plaintiff has had the resources to pay the fees but has chosen not to do so. The Seventh Circuit issued its decision reiterating that plaintiff owed the outstanding fees on January 20, 2012. On that day, plaintiff had $4,533.45 in his prison trust fund account. Dkt. No. 4 at 4. The amount was even higher a month earlier as on December 20, 2011 (the first day reported on the trust fund ledger), plaintiff's prison trust fund account contained $5,097.24. *Id*. He also had $400 deposited into his account on April 10, 2012. *Id*.

Plaintiff depleted much of the account with a $4,000 check to a law office on May 31, 2012, a $507 check to his grandmother on January 23, 2012, and a $150 check to his brother on February 22, 2012. *Id*. He also made $174.22 in purchases at the prison commissary between January and May 2012. *Id*. By May 31, 2012, plaintiff's account balance stood at $703.28. *Id*. He filed the present suit on that day seeking leave to proceed in forma pauperis. After the court denied his request, he paid the full $350 filing fee for this case.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time he filed his complaint. *See* 28 U.S.C. § 1915(b)(1). The court thus promptly addressed the filing fee issue in this case and required the plaintiff to pay the full fee using funds in his prison trust fund account. This does not conclude the court's consideration of filing fee issues, however, as given his litigation history and orders issued by this court and the Seventh Circuit, plaintiff unquestionably was aware that he was obligated to pay the full filing fee for this case since he was financially able to do so. "A litigant who follows frivolous litigation with fraud has no claim to a tender reception." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Moreover, dismissal with prejudice can be appropriate when a petitioner has a "history of fraudulent manipulation of his bank account" and attempts to avoid a fee in bad faith. *Camp v. Oliver*, 798 F.2d 434, 437-38 (11th Cir. 1986). The court finds that by playing fast and loose with the in forma pauperis application in this case, plaintiff has, yet again, attempted to defraud the court with respect to a filing fee.

Plaintiff's intentional action of transferring money out of his trust fund account immediately prior to filing an in forma pauperis application and his decision to seek leave to proceed in forma pauperis when he had sufficient funds to pay the filing fee support the imposition of a severe sanction. *Hoskins*, 633 F.3d at 543-54. This is especially true given his history as a repeat offender, his willful failure to pay his outstanding fees, and the fact that the $4,000+ in outstanding fees were incurred in cases that were dismissed for fraud on the court. The court thus finds that plaintiff acted in bad faith and that in light of his prior conduct, his

| STATEMENT |
|---|
| decision to once again attempt to mislead the court warrants the severe sanction of dismissal. Accordingly, in an exercise of its discretion, the court finds that this action must be dismissed for fraud on the court and that plaintiff should be required to pay all of his outstanding fees before proceeding with any new litigation.<br><br>     This case is, therefore, dismissed with prejudice for plaintiff's present attempted fraud. The court has collected the $350 fee for this case, but plaintiff is reminded that he must pay the in excess of $4,000 he owes in outstanding fees for his prior cases and appeals. Furthermore, the court refers this matter to the Executive Committee of the United States District Court for the Northern District of Illinois for its consideration of whether plaintiff should be barred from filing additional civil cases in this district until he pays all outstanding fees or satisfactorily explains why he depleted his prison trust fund account in 2012 instead of paying the fees. The court notes that any barring order would not apply to criminal cases or petitions challenging the terms of his confinement, and would be subject to reexamination in two years under the approach of *Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008), and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). |