# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOSHUA HOSKINS, )
          Plaintiff, )
v. ) Case No. 12 C 4256
THOMAS DART, et al., )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

Last May 31 Joshua Hoskins ("Hoskins") tendered a putative 42 U.S.C. § 1983 Complaint in this case pro se, seeking leave to proceed in forma pauperis. It was assigned to this Court's then colleague Honorable Blanche Manning, just as ten earlier lawsuits by Hoskins had been.[1] But Hoskins' assertion of poverty was simply a lie, and similar misrepresentations had caused seven of his earlier actions to have been dismissed as attempted frauds on the court (see Hoskins v. Dart, 633 F. 3d 541 (7th Cir. 2011) (per curiam), in which our Court of Appeals affirmed Judge Manning's dismissal of one of Hoskins' earlier lawsuits for some other fraudulent litigation conduct).

As for Hoskins' effort to obtain in forma pauperis status in this case, on August 9, 2012 Judge Manning entered a minute order ("Order") dismissing this action as also attempting to commit a fraud on the court. Among other things the Order held:

---

[1] That procedure is dictated by this District Court's LR 40.3(b)(1)(B), which calls for the same judge to receive direct assignment of all cases brought by a particular person in custody to challenge his or her terms or conditions of confinement.

1. Even though Hoskins had paid the $350 filing fee in this case after several minute orders requiring him to do so, he still owed all but about $50 of the $2,450 in District Court filing fees for the seven earlier cases that had been dismissed on fraud-related grounds.

2. In addition, the bulk of the $1,820 in filing fees that Hoskins still owed at the Court of Appeals level also remained unpaid, so that his total obligation to the two courts was in excess of $4,000.

3. At the time of the Court of Appeals' January 20, 2011 per curiam opinion, when Hoskins' indebtedness to both courts for unpaid filing fees aggregated more than $4,000, he had over $4,500 in his prison trust fund account. That account level had exceeded $5,000 a month earlier, and another $400 was deposited into the account in early April 2012.

4. Instead of honoring his obligation to the courts, Hoskins had paid a total of more than $650 to his grandmother and his brother in January and February 2012 and $4,000 (yes $4,000) to a law firm on May 31, 2012 -- the same day that he filed this action and sought in forma pauperis status.

Little wonder, then, that the Order found Hoskins to have acted in bad faith, so as to justify dismissal of the action with prejudice for his attempted fraud on the court. Something less than two weeks later Hoskins submitted a hand-printed document captioned "Motion To Reinstate the Above Case (Matter)." That motion was pending when Judge Manning retired

- 2 -

shortly before the first of the year, and on December 26 the case was reassigned to this Court's calendar by random assignment.

There is no question that the matters relied on by Judge Manning and recapitulated here are more than ample to support dismissal, and Hoskins' asserted excuses (including his claim that he misunderstood that he was not responsible for the filing fees) ring hollow -- indeed, even on the totally unpersuasive premise that he held that notion initially, the Court of Appeals per curiam affirmance (issued at the beginning of 2011, some 16 months before he filed this lawsuit) had concluded with the express statement that he "remains liable for all applicable filing fees" (633 F. 3d at 544). Hence Hoskins' motion for reinstatement is denied out of hand.

Two additional matters bear at least brief mention. Here they are:

1. On September 14, 2012 the Executive Committee of this District Court issued an order that precluded any further filings by Hoskins (with certain limited exceptions) for a period of at least 12 months. If he were thereafter to file a motion to modify or rescind that order, this Court would inherit any further filings (see n.1), and it will scrutinize any such efforts through the same skeptical lens that has informed its views here.

2. Fraud on the court is by definition a serious matter, and repeated efforts in that direction call for a serious response. This Court is transmitting a copy of this opinion to the United States Attorney's Office for its consideration as to whether the conduct spoken of by Judge Manning, or by our Court of Appeals and by this Court, may

call for the consideration of criminal sanctions as well.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　　Senior United States District Judge

Date:  January 7, 2013